which is Carter v. Rochester General Hospital, 22-2036. We'll let everybody get settled up here at the council table. I understand we have Mr. Schwartz for the appellant who would like to reserve two minutes for rebuttal, is that right? That's correct, Your Honor. Okay, you may proceed whenever you're ready. May it please the court, the overriding issue presented in these two consolidated appeals is whether hospital patients seeking copies of their own medical records who are deceived into paying for millions of pages of other patients' medical records have any recourse in New York State under either New York's general business law or under the equitable doctrine of unjust enrichment. Before you go further, I just want to try and figure out exactly where your argument is. I take it it is common ground that the New York public health law section 18 does not create a private right of action, right? That's correct, Your Honor. And it's also agreed that under New York law, not even our precedent, although we've recognized that precedent. Under New York law, if the thing that creates the deception or creates the injustice of enrichment is nothing other than section 18, those clauses of action would also not be available. That's absolutely correct, Your Honor. in this case, there is some deception or some unjustness to the enrichment that is independent of section 18. But overlaps section 18. Overlaps, but even if that did not exist, even if section 18 did not exist, you are arguing this would still be deceptive conduct. It would be, Your Honor, and that's exactly right. So that's what I'd like to focus on. If you could identify for me what is deceptive. You suggested in your opening statement that it's deceptive because somehow the patients are tricked into paying for other people's medical records. But I have a strong understanding of the trick. Isn't the situation just they charge more than they're supposed to, and then they can do whatever they want with that money. They could spend it on yachts, or they could make, if you're focused on the records processor, they could make a contribution, if they chose, with their exorbitant profits to their local hospital. And they do that perhaps in the form of giving this free service to the hospital. Or if you focus on the hospital that is the ultimate beneficiary of getting these free benefits, they've made a favorable deal to split the profits. That may seem unseemly to you or to me, but who's being deceived? The patient is told here's how much you have to pay, here's what you're getting for that, and they choose to pay it. Isn't the only problem that it's an unlawful price? No, Your Honor, I think it's a combination of an unlawful price and an underlying contract where they actually put together this scheme in order to get the exclusive right to deceive these people. Well, I was going to say so what to the question of they put together the scheme and split the profits, but who's being deceived about what? Well, Your Honor, if you remember the Ortiz case from the Court of Appeals suggested that there were remedies that were available that could be followed. The Attorney General of the New York State Health Department could enforce public health by 18. They can, yes. But what the invoices say in these cases is that these patients are only being paid, they're only being charged for their own copies. I'm sorry, could you just make a connection between the two things you just said? Because I understand the point that there's an ability by the New York State government to enforce the price cap. What does that have to do with the second part of what you just said? Because I think if the patients knew that their money was contractually required to be used to pay for other patients' records that they didn't know about and they didn't get, and that was part of an underlying contract, then the patients would know that the costs were being- I'm sorry, I still don't see the connection between these two points, I'm sorry. Are you saying that they're deceived out of their right to complain to the New York authorities? Absolutely, yes. But their right to complain to the New York authorities is based on whether the 75 cent charge is actually the cost of doing the reproduction. But they're deprived of knowing what that cost of reproduction is and they're led to believe that the cost of reproduction- But they're always deprived of that because no one ever tells them the cost of production. Well, Your Honor, if under a contract they explicitly have planned to do this, in other words, they know that they're going to overcharge them and they're going to split the profits, then that information would obviously make it clear that they were overcharging. In other words, the patients don't necessarily have access to what the costs are of reproduction. So the deceit is that they're tricked into not reporting it to the government. That's the deceit? I thought the deceit has to be that they're deceived into paying it. Well, they aren't. They're deceived into both because if they reported it to the government, they'd have the option of potentially getting the records for the actual cost, which is what the statute requires. How did they get the records? I thought they don't have a private right of action. They don't have a private right of action, but the government could enforce it. In other words, they could make the complaint and the government could enforce it. There's also allegations that they could go to the hospitals individually and get it. That's what was in the briefs of the defendants, that they had that option as well, but that wasn't presented. I guess I'm still having trouble understanding why the contract makes a difference because couldn't you make the exact same argument based on the fact that they are told here's what it costs? Anyone who is aware of the law would know that that price is supposed to be linked in a certain way. And they're not told. No one says, we're charging you 75 cents. By the way, you know that's illegal? And you could complain to the New York State authorities? I take it no hospital and no records provider ever says that. So why does the contract make any difference? It basically isn't what you're saying. No one fesses up to the customer that the price being charged is an illegal price. Because the contract is an independent wrong. If the hospitals had contracted and made a bad deal with a vendor and the vendor was able to keep all the money, I don't think we would have an argument here. The argument here is that there was an underlying scheme to use this exclusive contract. This was the only place these patients could get their records from. They couldn't go shopping around somewhere else. Why is it an independent wrong? So let me put it this way. If there were no public health law saying that thou shalt limit the price to X number of cents or your cost, whichever is, whichever one, would this contract be unlawful? Well, the contract would be unlawful under public health law, but there's no private driver's action. Hypothesize a world for me where that public health law does not exist. Where New York State has not legislated anything about the price per page. Take that out. We're in a world without it. What's wrong with the contract in that hypothetical world? Because the patients aren't being told that their money is being used to provide free services to the hospital. The patients are only told that they're paying- If the hospital was the wrongdoer in the first place, you're focused on the fact that they've subcontracted out the job of providing the records. Suppose they did that all in-house and they charged 75 cents. It doesn't really cost them 75 cents to produce the records, so they're making a profit on those sales, and the hospital then uses it for whatever they use it for, to the chief executive officer, or new dialysis machines to better serve the patients in the community, or whatever are the routine costs of the hospitals doing business. They would be diverting the excess profit. They'd be using what they make on the illegal sale to do something else. So why wouldn't you be able to make the same argument there, separate and apart from the contract and the subcontractor? Well, that used to be the law. In other words, back before 1986, that's exactly the way it worked. And what happened was that the hospitals then, under the PHL cap, decided that it was more expeditious for them to have a private copying company take care of the copy. Sure, but my point is, you're saying that this contractual arrangement somehow turns this into a kickback, which it might, and maybe that would, I mean, the federal anti-kickback statute in the healthcare area is so broad and so confusing that maybe it's illegal for some other reason. But I don't see why there's any difference between what they're doing here and if the hospital itself were overcharging. They overcharge. As a result, they have extra money. And then they use the money for whatever they use it for. That's exactly what's happening now. Well, it is, Your Honor, except that they're being billed for their own per-page costs, and they are not the per-page costs. Let's do this. I understand you're going to be arguing the next case as well. Yes. And we may have a lot of overlapping arguments. So here's our two minutes for rebuttal. Why don't we turn to counsel for the appellate. Thank you. We'll hear from you again. Good morning, Your Honors. Good morning. I do want to pick up with something that Appellant said in the opening comment, is that this case relates to hospital patients who are seeking their medical records. And that's actually not what it relates to, because there's a separate federal construct for patients who seek records reflecting their treatment. That is not the case here. This is a qualified person case, which puts us within the province of PHL Section 18, where, as the Court has already recognized, there are remedies available not only to the requesters but through enforcement actions by the Attorney General. Why does that make a difference? If I want my health care records from the hospital just because I'd like to keep a record of what's been done so that if I move somewhere else and go to a different hospital, I'll be able to hand them the records, why is that any different from I'm suing the hospital for malpractice and I commission my lawyer to do what needs to be done to bring the case, and one of those things, obviously, is you have to get a hold of the records of what actually happened. Either way, it's for the benefit of the patient, isn't it? It is for the benefit of the patient. So why does it make a difference that this is not the patient personally asking for the records but is an authorized person? When it's an authorized person, Your Honor, it falls into the state structure under the public health law in New York. When it's the patient him or herself making that request, it falls under the federal construct under the HITECH Act and governing regulations. So there's a separate federal action that's available. There is. And does that have a private right of action? It does not. It does not. So it's really the same situation then for the patient either way. Yeah. It's just a question of which law is most expedient to use because the state law covers patients directly too. Well, the charges are different under the federal law. Yes. Yes, they are. Because that's what the free records are about. That's basically what that's about, Your Honor. Yes. Yes. So this is a qualified person case, which we all agree puts us under PHL Section 18. As in detailed in our briefs, we just don't see a way where the semantics, the wording, the wordsmithing can be changed to turn this into something other than a claim that is 100% based on the public health law. So to your question, Your Honor, of whether there's some independent wrong, there is no independent wrong. Every wrong that has been alleged either in the original complaints or the proposed amended complaint leads back to the public health law. Because it does so, there can be no Section 349 claim under the general business law, nor can there be any unjust enrichment claim. Courts have already decided that there can be no Section 349 or unjust enrichment claims when a PHL claim is brought. This court decided in Ortiz that an unjust enrichment claim could not survive because there was no private right of action under PHL Section 18. The Rusinskaya Court, which that appeal, which was anticipated, never materialized, Judge Engelmeyer held that there could be no unjust enrichment claim and no Section 349 claim. So no matter where the plaintiffs turn in this case, they end up at public health law Section 18 and should be barred from proceeding. It's our position that it is time to close the door on these public health law Section 18 claims and those claims that are based directly on them. If the court has any specific questions, I do want to address one case that was cited in the reply. In their reply, the appellants here cite a case called Emergency Physician Services and claim that it supports their view that an independent wrong can be pursued even in light of a bar against a private right of action. What's notable about that case is it cites another case called Buffalo Emergency Associates, which is a state appellate division case, 167 AD 3D 461. Where, in fact, a claim under the same exact statute, which is the New York Emergency Services and Surprise Bills Act, was dismissed because there was no private right of action. What the court said is that there was merely a borrowed benchmark from the statute and that there could be no unjust enrichment claim as a result. So it's our position here that consistent with Buffalo Emergency Associates, Ortiz, Rusinskaya, that there is no way to measure the alleged damages here other than going to the actual charge cap of public health law section 18. Okay, thank you very much. Mr. Schwartz, you have reserved a couple of minutes for rebuttal. Thank you, Your Honor. Hold it to two minutes, take me. The Ortiz and Rusinskaya cases did not allege a separate and independent wrongful act. They didn't allege any kickback scheme. They only alleged a violation of the statute and that the courts properly held that with no private right of action, they couldn't proceed with any of their other claims. I'm sorry to keep beating maybe a dead horse, but what is unlawful about the kickback scheme in a world where section 18 does not exist? If they set up this same transaction, and just the hospital decided it was easier to have somebody else do the work here, and part of the price of getting the contract is you really ought to do some nice things for us. We're in a situation where we can't charge anything for the records. That would be an illegal scheme in a world that did not have section 18? It would be a deceptive scheme, Your Honor. Why? It's a deceptive scheme because the way the invoices are phrased is that this money is being sent to Cyox in this case for copying of their records. But that's true. That's what I get in exchange for my 75 cents. I get one page worth of records. That's the truth. What they do with the money after that doesn't necessarily concern me, does it? Well, I think it should concern society when hospitals- The state has decided it concerns society and they've made it illegal. But section 18 did not exist. You think you'd have a claim under the general business law that charging an exorbitant fee and then using some of the profits to subsidize somebody else's business is illegal? Deceptive? It's a deceptive practice because New York has declared that this should not be a money making proposition. Exactly. Exactly. That's why it comes back to section 18. But they represent as if they are following that law when they send the invoices, and the plaintiffs believe that they were following the law when they sent the invoices. But we have hypothesized, counsel, this whole line of questioning has been based on this hypothetical world we are positing without that law. And you keep coming back to that law. I come back to the law because- A hypothetical question because that is an analogy we find to be useful. You may not find it to be useful. We find it to be useful. So we need to get answers to our hypothetical questions. And our hypothetical questions are in a world without that law. So you've got to answer that. Otherwise, you're not helping yourself. Okay. In a world without that law, Your Honor, I would still believe that secret kickback schemes are deceptive for the public, for consumers. Especially in a situation where there's only one source for these records. There's only one place these consumers can go. And if the consumers, if the entities that are selling them those records have schemed to deceive them by overcharging them and using it to profit, then that is a deceptive act. So if you go to a food delivery service, like, I don't know, maybe this is what happens. You go to Grubhub and you say, and they say, yeah, $20. You pay us $20 and we'll deliver you hamburgers from McDonald's. And unbeknownst to the consumer, because we have no idea what happens to the $20, they're paying McDonald's whatever, $15 for the hamburgers and another $5 is kickback or something. I don't know. That probably adds up to the wrong amount of money. Has the consumer been deceived? Not in that Grubhub situation. I told you how the money is being divvied up or where or why or how. Because the consumer can go anywhere. They can go to McDonald's themselves. They can go to another service. But this has nothing to do with the service, right? I think it has everything to do. The monopoly on the patient's records belongs to the hospital. They're the ones who have the records. It doesn't seem to me to be material at all whether the hospital does this in-house or commissions somebody else to do it. Either way, either way, the hospital is getting the benefit of overcharging the patient for the records. The only reason it's an overcharge is Section 18. Were it not for that, if the hospital said, oh, I see, you know, you've got this nice malpractice case against us. But guess what? We're going to charge you a million dollars a page for the records. That would be very nasty. But I don't see why the charge is deceptive in any way. They're just making an outrageous demand for money. One of the reasons that I think it's unfair to say that Public Law 18 didn't apply or doesn't exist is because it still does exist. It doesn't have a private right of action. When we ask a hypothetical, we know it's a hypothetical. So it's a totally fair thing for us to pose counterfactual scenarios to test the validity of a logical proposition. I know we're coming directly back to you in the next case, so don't go away. We will take this case under advisement.